**John J. STINNETT, Jr., Plaintiff,**

v.

**V. Lee BOUNDS, Commissioner North Carolina Department of Correction, and D. P. Henry, Administrator, Fred Briggs, Major, Central Prison Unit, Defendants.**

Civ. No. 20.

United States District Court
E. D. North Carolina,
Raleigh Division.

Feb. 28, 1969.

Franklin T. Dupree, Jr., Howard E. Manning, George R. Greene, Raleigh, N. C., for plaintiff.

No appearance for defendants.

BUTLER, Chief Judge.

John J. Stinnett, Jr., a state prisoner, is serving a 15 to 20 year sentence upon his conviction of manslaughter. He was confined in North Carolina's Central Prison during a riot of prison inmates on April 17, 1968. On June 18, 1968, petitioner instituted this application for "habeas corpus" alleging that he was detained in the prison yard during the riot; that he was shot in the arm by a prison guard; that he is denied privileges of exercise; that he is fed two cold meals a day, and is subjected to constant harassment by prison guards. He seeks an order of this court removing the defendants and staff from office and directing better privileges and opportunities for all inmates.

On July 12, 1968, the court entered an order appointing three competent, experienced and reputable attorneys [1] with instructions "to consult with said John J. Stinnett, Jr., and carefully investigate the basis of his alleged claims, and to prepare proper pleadings setting forth such claims, if any, as said counsel believe are supported by good and meritorious grounds." The order further stated that "the court will consider an application to proceed in forma pauperis if accompanied by the required affidavit and with copy of proposed pleading attached."

The court-appointed counsel have filed a Report with the court, dated February 20, 1969, stating that they have interviewed the petitioner and thoroughly investigated the factual basis of his alleged claims, and the applicable law, and expressed the unanimous opinion that the petitioner's claims are "not supported by good and meritorious grounds but that his case is wholly frivolous", and that said counsel "could not in good conscience and consistent with the order of appointment and the requirements of Rule 11 [2] of the Rules of Civil Procedure sign such a complaint." In view of these facts, this court is of the opinion that it should not appoint other reputable counsel to represent this petitioner and expect them in "good conscience and consistent with the order of appointment and the requirements of Rule 11" to reach any other result.

The sole relief petitioner seeks is the removal from office of the prison officials and better privileges and opportunities for all inmates. The court is of the opinion that petitioner's claims, whether considered as an application for habeas corpus or as a civil rights action, are frivolous and without merit.

We commend court assigned counsel for their careful investigation of petitioner's claims and their frankness with this court. They are hereby released of further responsibility as counsel for petitioner.

It is ordered that the application be, and the same is hereby, denied.

It is further ordered, for the purpose of the record only, that petitioner be allowed to file his application without prepayment of filing fee to the Clerk of this court.

The Clerk is directed to file with this order a copy of the report of Stinnett's appointed counsel to this court.

---

1. The following members of the Raleigh, North Carolina, bar were appointed to represent petitioner: Franklin T. Dupree, Jr., Howard E. Manning, and George R. Greene.

2. Rule 11, Fed.R.Civ.P. provides: " * * The signature of an attorney constitutes a certificate by him that he has read the pleading; [and] that to the best of his knowledge, information, and belief there is good ground to support it * * *. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. * * * "